1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSH WISE,                                No.  2:21-cv-0014 JAM DB PS

12                  Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   BUTTE COUNTY SUPERIOR COURT,
     et al.
15

16                  Defendants.

17

18          Plaintiff Josh Wise is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

21   U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Plaintiff's complaint concerns a 2018 decision by the Butte

22   County Superior Court.

23          The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

26   below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to

27   amend.

28   ////

                                              1

1    **I.    Plaintiff's Application to Proceed In Forma Pauperis**

2           Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  <u>Minetti v. Port of Seattle</u>, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); <u>see also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15          Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  <u>See</u> 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v.</u>

20   <u>Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v.</u>

28   <u>Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

1   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5          The minimum requirements for a civil complaint in federal court are as follows:

6                  A pleading which sets forth a claim for relief . . . shall contain (1) a
                   short and plain statement of the grounds upon which the court's
7                  jurisdiction depends . . . , (2) a short and plain statement of the
                   claim showing that the pleader is entitled to relief, and (3) a demand for
8                  judgment for the relief the pleader seeks.

9   Fed. R. Civ. P. 8(a).

10  **II.     Plaintiff's Complaint**

11          Plaintiff's complaint alleges that in August of 2018, plaintiff "appeared in Butte County

12  Superior Court . . . to set a side a default judgment[.]"  (Compl. (ECF No. 1) at 5.)

13  "Commissioner David E. Gunn" told plaintiff "Your case is dismissed."  (Id.)  Plaintiff alleges

14  that by "dismissing the case in court but afterwards denying [plaintiff's] motion to set aside

15  default" defendants used the "court system" to "violate the 14th and 7th amendments."  (Id.)  The

16  complaint seeks an order quashing "the default judgment" as well as an award of $100,000 in

17  punitive damages.  (Id.)

18          Pursuant to the Rooker-Feldman doctrine a federal district court is precluded from hearing

19  "cases brought by state-court losers complaining of injuries caused by state-court judgments

20  rendered before the district court proceedings commenced and inviting district court review and

21  rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

22  284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and

23  judgments, but to interlocutory orders and non-final judgments issued by a state court as well.

24  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide

25  Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

26          The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

27  court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

28  do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'"  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

////

4

1    Here, "[p]laintiff is essentially the losing party in state court who seeks relief from the

2    default judgment.  Such relief is precluded by <u>Rooker-Feldman</u>."  <u>Williams v. Cavalry Portfolios

3    Services, LLC</u>, No. SACV 10-0255 JVS (ANx), 2010 WL 2889656, at *3 (C.D. Cal. July 20,

4    2010); <u>see also</u> <u>Bryant v. Gordon & Wong Law Group, P.C.</u>, 681 F.Supp.2d 1205, 1208 (E.D.

5    Cal. 2010) ("However in disputing the garnishment of his accounts, Plaintiff is inherently

6    challenging the entry of default against him and the writ of execution that authorized the

7    garnishment.  The net effect is that Plaintiff is seeking to undermine the state court judgments.").

8    Moreover, the complaint names as defendants the "California Courts" and the Butte

9    County Superior Court.  (Compl. (ECF No. 1) at 2.)  California Courts, including the Butte

10   County Superior Court, are an arm of the state of California and cannot be sued in federal court

11   due to Eleventh Amendment immunity.  <u>See</u> <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 831 (9th Cir.

12   1995) ("Given the extensive control exercised by the state over the municipal courts, we conclude

13   that the municipal court is an arm of the state.  Thus it is protected from this lawsuit by Eleventh

14   Amendment immunity.").

15   The other defendants named in the complaint are identified as "Commissioner[s]."

16   (Compl. (ECF No. 1) at 2.)  "Judicial immunity is not limited to judges.  It extends to other

17   government officials who play an integral part in the implementation of the judicial function.

18   Such officials enjoy derivative immunity (quasi-judicial immunity) which can be absolute if their

19   conduct relates to a core judicial function."  <u>Antoine v. Byers & Anderson, Inc.</u>, 950 F.2d 1471,

20   1474 (9th Cir. 1991), rev'd on other grounds, 508 U.S. 429 (1993); <u>see also</u> <u>Cassells v. Villa</u>, No.

21   2:18-cv-2457 JAM DB P, 2019 WL 1438559, at *4 (E.D. Cal. Apr. 1, 2019) ("BPH

22   commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are

23   absolutely immune from damages liability in their official capacities.").

24   **II.     Leave to Amend**

25   For the reasons stated above, plaintiff's complaint should be dismissed.  The undersigned

26   has carefully considered whether plaintiff may amend the complaint to state a claim over which

27   the court would have jurisdiction.  "Valid reasons for denying leave to amend include undue

28   delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan

1  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

2  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

3  be freely given, the court does not have to allow futile amendments).  In light of the deficiencies

4  noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend in this

5  case.

6                                              **CONCLUSION**

7              Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

8              1.  Plaintiff's January 4, 2021 application to proceed in forma pauperis (ECF No. 2) be

9  denied;

10             2.  Plaintiff's January 4, 2021 complaint (ECF No. 1) be dismissed without prejudice; and

11             3.  This action be closed.

12             These findings and recommendations will be submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days

14  after being served with these findings and recommendations, plaintiff may file written objections

15  with the court.  A document containing objections should be titled "Objections to Magistrate

16  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

17  the specified time may, under certain circumstances, waive the right to appeal the District Court's

18  order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:  April 14, 2021

20

21

22                                                      DEBORAH BARNES
                                                       UNITED STATES MAGISTRATE JUDGE
23

24

25

26
    DLB:6
27  DB\orders\orders.pro se\wise0014.dism.f&rs

28

                                                    6